UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL BERNARDO BAILON,<br><br>   Plaintiff,<br>v.<br>AACH HOLDING CO., NO. 2, LLC et al.,<br><br>   Defendants. | Civil No. 3:10-cv-1654-GPC-NLS<br><br>**ORDER DENYING MOTION TO COMPEL MAINTENANCE AND CURE**<br><br>**(ECF NO. 97)** |

  This is a Jones Act case in which plaintiff Rafael Bernardo Bailon ("Plaintiff") alleges he was injured while employed aboard the defendant vessel F/V Isabella ("Vessel"). Plaintiff alleges that his right knee was injured when he fell and that he subsequently incurred left knee and right ankle injuries due to Defendants' delay in providing maintenance and cure. Plaintiff asserts claims for negligence, unseaworthiness, maintenance and cure, and statutory wages against the Vessel; its owners, AACH Holding Co., No. 2, LLC and AACH Holding Co., LLC; and the owners' agent, Sardinha and Cileu Management, Inc. (collectively, "Defendants"). At the motion in limine hearing on January 11, 2013, this Court vacated the jury trial, which was set for February 12, 2013, and granted Plaintiff leave to file the instant motion for maintenance and cure.

"Maintenance and cure is designed to provide a seaman with food and lodging when he becomes sick or injured in the ship's service; and it extends during the period when he is incapacitated to do a seaman's work and continues until he reaches maximum medical recovery." Vaughan v. Atkinson, 369 U.S. 527, 531 (1962). "Admiralty courts have been liberal in interpreting this duty for the benefit and protection of seamen who are its wards." Id. (internal quotation omitted). A shipowner's liability for maintenance and cure is "the most pervasive of all" and is "not to be defeated by restrictive distinctions nor narrowly confined." Id. (internal quotations omitted). Indeed, "[w]hen there are ambiguities or doubts, they are to be resolved in favor of the seaman." Id.

Seamen are entitled to maintenance and cure for injuries incurred "in the service of the ship." Aguilera v. Alaska Juris F/V, O.N. 569276, 535 F.3d 1007, 1009 (9th Cir. 2008); see also Baker v. Ocean Systems, Inc., 454 F.2d 379, 384 (5th Cir. 1972) ("The determination of whether a seaman is 'in the service of the vessel' . . . at the time of the accident depends on the particular facts and circumstances of each case.").

"Where [a] demand for maintenance and cure has been joined with causes of action for negligence and/or unseaworthiness . . . then maintenance and cure may be disposed of by a properly framed motion for summary judgment" only when "the parties have agreed that maintenance and cure is payable at a specified rate and no genuine issue as to any material fact remains." 2 Robert Force & Martin J. Norris, Law of the Seamen § 26:55 (5th ed. 2012).

Several district courts have treated motions to compel maintenance and cure as motions for summary judgment. See McNeil v. Jantran, Inc., 258 F. Supp. 2d 926, 930 (W.D. Ark. 2003) (concluding that "motion for retroactive and future maintenance and cure should be treated as something similar to a motion for summary judgment"); Bloom v. Weeks Marine, Inc., 225 F. Supp. 2d 1334, 1336 (M.D. Fla. 2002) (concluding a claim for maintenance and cure can be disposed of by summary judgment if there is no dispute of material fact); Billiot v. Toups Marine Transport, Inc., 465 F.

1  Supp. 1265, 1267 (E.D. La. 1979) (concluding that "a motion for summary judgment
2  is the only permissible pre-trial procedure to determine the daily rate of maintenance");
3  Guerra v. Arctic Storm, Inc., 2004 WL 3007097, at *1 (W.D. Wash. Aug. 4, 2004)
4  (treating motion for maintenance and cure as motion for summary judgment); Blake v.
5  Cairns, 2004 WL 1857255, at *1 (N.D. Cal. Aug. 16, 2004) (concluding that a motion
6  for maintenance and cure may be disposed of by summary judgment if there is no
7  dispute of material fact); Sanfilippo v. Rosa S. Inc., 1985 WL 4565, at *2 (D. Mass.
8  Dec. 9, 1985) ("[U]nless the seaman can show that there are no material facts in dispute
9  and that he is entitled to summary judgment on the claim, he cannot obtain a pre-trial
10  order for payment [of maintenance and cure].")

11  Still, at least two other district courts have declined to treat motions to compel
12  maintenance and cure as motions for summary judgment. Boyden v. American
13  Seafoods Co., 2000 A.M.C. 1512 (W.D. Wash. 2000) ("Applying a summary judgment
14  standard to the payment of maintenance and cure would invite litigation and cause
15  delays by involving the court in the medical determinations of maximum medical
16  improvement, thus undermining the policy of simplicity in these matters."); Sefcik v.
17  Ocean Pride Alaska, Inc., 844 F. Supp. 1372 (D. Alaska 1993) (declining to treat a
18  motion to reinstate maintenance and cure as a motion for summary judgment). These
19  cases, however, are distinguishable from the instant case. In Boyden, there was "no
20  dispute that [the] plaintiff was injured while working on the vessel and that defendant
21  paid maintenance and cure after discontinuing payments." 2000 A.M.C. at 1514. In
22  Sefcik, there was no dispute as to whether the plaintiff's injuries were tied to his work
23  on the vessel; rather, the dispute centered on whether the plaintiff had achieved
24  maximum cure.

25  Here, as a preliminary matter, the Court will construe Plaintiff's Motion to
26  Compel Maintenance and Cure as a motion for summary judgment. As such, Plaintiff's
27  Motion must be denied because it is untimely and because, even if it were timely, there
28  exists a dispute of material fact.

1    As Defendants note, the motion filing deadline in this case passed on November 5, 2012. (See ECF No. 76 at 1.) And, as Defendants further note, Plaintiff has failed to articulate good cause why the prior scheduling order should be modified to permit consideration of the instant motion. See Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.") Accordingly, the Court concludes the untimeliness of Plaintiff's Motion alone is sufficient grounds to deny it. Even if it were timely, however, it must still be denied.

Summary judgment is appropriate where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

Here, there is a dispute of material fact regarding whether Plaintiff's left knee and right ankle injuries were incurred while in the service of the Vessel, which Plaintiff must show to receive maintenance and cure. Plaintiff's expert, Dr. Maywood, opines that Plaintiff's left knee and right ankle injuries are compensatory injuries resulting from the alleged fall on the Vessel. Defendants' expert, Dr. Wilson, opines that Plaintiff's left knee and right ankle injuries are not compensatory injuries resulting from the alleged fall on the Vessel, as there exists no medical basis to support such a compensatory injury theory. Dr. Wilson further opines that Plaintiff's right ankle condition is congenital in nature and could not therefore be a result of the alleged fall. Accordingly, Plaintiff's Motion to Compel Maintenance and Cure is **DENIED**.[1] The

---

[1] Plaintiff requests attorney fees in connection with having to file a motion to compel maintenance and cure. AACH2 states that it has authorized treatment for Plaintiff's right knee condition and states it will pay "reasonably incurred medical bills related to [Plaintiff's] right knee anterior cruciate ligament tear." The Court further notes, however, that AACH2 has provided no

hearing on Plaintiff's Motion, currently set for March 1, 2013, is **VACATED**. The Court sets a **STATUS CONFERENCE** for **April 12, 2013, at 1:30 p.m.**

    **SO ORDERED.**

DATED:  February 26, 2013

HON. GONZALO P. CURIEL
United States District Judge

---

evidence that it has paid any such bills since they began accruing in October 2010. To the contrary, Plaintiff provides evidence in the form of unpaid bills indicating no such bills have been paid. Thus, while attorney fees may be warranted due to the delay in making payments related to the treatment of Plaintiff's right knee, the Court reserves Plaintiff's request for attorney fees for a decision after a trial on the merits when the question of attorney fees can be considered all at once. See Vaughan, 369 U.S. at 530 (attorney fees are appropriate when the seaman's employer willfully and arbitrarily refuses to pay maintenance and cure"); see also Glynn v. Roy Al Boat Mgmt. Corp., 1995 AMC 2022, 2028-29 (9th Cir. 1995).